E-FILED
Friday, 14 April, 2017  12:45:33 PM
Clerk, U.S. District Court, ILCD

FILED
MAR 10 2017
Melissa Hurst
Circuit Clerk COLES COUNTY, ILLINOIS

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICAL CIRCUIT
CHARLESTON, COLES COUNTY, ILLINOIS

| | |
|---|---|
| DOROTHY SHEPARD,<br>　　　　　Plaintiff, | )<br>)<br>) |
| vs. | )　　No. 2017-L-17<br>) |
| LIFESTATION, INC. & LINEAR, LLC, and<br>NORTEK SECURITY AND CONTROL.<br>　　　　　Defendants. | )<br>)<br>) |

## COMPLAINT

### (COUNT I)

### (STRICT PRODUCT LIABILITY AS TO DEFENDANT LIFESTATION, INC.)

Now comes the Plaintiff, DORTHY SHEPARD, by Jennifer A. Koebele of Heller, Holmes & Associates, P.C., her attorneys, and for her Complaint at law states:

1. At all times herein referenced, the Plaintiff, Dorothy Shepard, has been a resident of Coles County, Illinois.

2. The Defendant, LifeStation, Inc., is a foreign corporation doing business in Coles County, Illinois.

3. On or about December 28, 2010, the Plaintiff entered into an agreement whereby the defendant, LifeStation, Inc. provided personal response equipment and also performed a service of monitoring the equipment and any alerts for assistance. In exchange, the Plaintiff paid the Defendant LifeStation, Inc. a monthly fee. One of the items of equipment that was provided to the Plaintiff by the Defendant, LifeStation, Inc. was a personal emergency response pendant which hung around the Plaintiff's neck. A copy


EXHIBIT A

4. The personal emergency reporting system pendant was manufactured by the Defendant Linear, LLC, and thereafter placed into the stream of commerce by the Defendant, LifeStation, Inc.

5. At the time the Defendant, LifeStation, Inc. placed the personal emergency response pendant into the stream of commerce, it was unreasonably dangerous in one or more of a combination of the following ways:

(a) the personal emergency reporting system pendant had a flaw or defect in the design which caused it to malfunction.

(b) there was otherwise a manufacturing flaw or defect which caused the personal emergency reporting system pendant to malfunction.

(c) the Defendant failed to properly monitor the personal emergency response pendant.

(d) the Defendant failed to properly service the personal emergency response pendant.

(e) the Defendant failed to respond to the personal emergency response pendant alert.

6. On or about May 3, 2015, the Plaintiff became light headed while performing a maintenance task on her back-patio area and fell sustaining multiple injuries. The Plaintiff then pushed the button on her personal emergency response pendant for assistance but no response came from the Defendant, LifeStation, Inc.

7. As a direct and proximate result of the malfunction of the personal emergency response pendant, the Plaintiff could not get up after her fall and get medical assistance which detrimentally delayed her medical treatment causing her further physical injury.

8. As a direct and proximate result of the malfunction of the personal emergency response pendant, the Plaintiff suffered severe mental and emotional pain and distress while she laid outside on the ground, trying to find a way to get help for many hours.

9. The unreasonably dangerous condition of the personal emergency response pendant was a direct and proximate cause of the Plaintiff's damages.

WHEREFORE, the Plaintiff, DOROTHY SHEPARD, prays that she may have judgment against the Defendants, LIFESTATION, INC. and LINEAR, LLC., in an amount which will fairly and reasonably compensate her for the damages sustained, in an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), together with costs of suit.

## (COUNT II)
## (STRICT PRODUCT LIABILITY
## AS TO DEFENDANT LINEAR, LLC. and NORTEK SECURITY & CONTROL, LLC.)

1. At all times herein referenced, the Plaintiff, Dorothy Shepard, has been a resident of Coles County, Illinois.

2. The Defendant, Linear, LLC., is a foreign corporation doing business in Coles County, Illinois. Linear, LLC is a wholly owned subsidiary of the Defendant Nortek Security & Control, LLC.

3. On or about December 28, 2010, the Plaintiff entered into an agreement whereby the defendant, LifeStation, Inc. provided personal response equipment and also performed a

3

service of monitoring the equipment and any alerts for assistance. In exchange, the Plaintiff paid the Defendant LifeStation, Inc. a monthly fee. One of the items of equipment that was provided to the Plaintiff by the Defendant, LifeStation, Inc. was a personal emergency response pendant which hung around the Plaintiff's neck that was manufacturered and designed by the Defendant Linear, LLC.

4. The personal emergency reporting system pendant was manufactured by the Defendant Linear, LLC. and Nortek Security & Control LLC., and thereafter was placed into the stream of commerce.

5. At the time the Defendant, Linear, LLC. and the Defendant Nortek Security & Control LLC. placed the personal emergency response pendant in the stream of commerce, it was unreasonably dangerous in one or more of a combination of the following ways:

    (a) the personal emergency reporting system pendant had a flaw or defect in the design which caused it to malfunction.

    (b) there was otherwise a manufacturing flaw or defect which caused the personal emergency reporting system pendant to malfunction.

    (c) the Defendant failed to properly monitor the personal emergency response pendant.

    (d) the Defendant failed to properly service the personal emergency response pendant.

6. On or about May 3, 2015, the Plaintiff became light headed while performing a maintenance task on her back-patio area and fell sustaining multiple injuries. The Plaintiff then

pushed the button on her personal emergency response pendant for assistance but no response came from the Defendant, LifeStation, Inc.

7. As a direct and proximate result of the malfunction of the personal emergency response pendant, the Plaintiff could not get up after her fall and get medical assistance which detrimentally delayed her medical treatment causing her further physical injury.

8. As a direct and proximate result of the malfunction of the personal emergency response pendant, the Plaintiff suffered severe mental and emotional pain and distress while she laid outside on the ground, trying to find a way to get help for many hours.

9. The unreasonably dangerous condition of the personal emergency response pendant was a direct and proximate cause of the Plaintiff's damages.

WHEREFORE, the Plaintiff, DOROTHY SHEPARD, prays that she may have judgment against the Defendant, LINEAR, LLC. and the Defendant NORTEK SECURITY & CONTROL, LLC., in an amount which will fairly and reasonably compensate her for the damages sustained, in an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), together with costs of suit.

DOROTHY SHEPARD, Plaintiff

By_____
Of Heller, Holmes & Associates P.C.
Her Attorneys

## JURY DEMAND

Plaintiff hereby demands trial by jury.

By: _____
Of Heller, Holmes & Associates P.C.
Her Attorneys

JENNIFER A. KOEBELE
HELLER, HOLMES & ASSOCIATES P.C.
1101 Broadway Ave. P.O. Box 889
Mattoon, Illinois 61938
Phone: (217)235-2700
Fax (217) 235-0743
Email: jen@hhlawoff.com

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICAL CIRCUIT
CHARLESTON, COLES COUNTY, ILLINOIS



| | |
|---|---|
| DOROTHY SHEPARD,  Plaintiff, | ) ) ) |
| vs. | ) No. 2017-L- ) |
| LIFESTATION, INC. & LINEAR, LLC.  Defendant. | ) ) |

### RULE 222 AFFIDAVIT

Now comes your affiant, JENNIFER A. KOEBELE, of Heller, Holmes & Associates, and under oath says:

1) That affiant is testifying to matters of affiant's own personal knowledge and is competent to testify to the same if called upon to do so.

2) That affiant is the duly authorized agent of DOROTHY SHEPARD for purposes of making this affidavit.

3) That the damages sought do exceed $50,000.00.

Jennifer A. Koebele
Heller, Holmes & Associates P.C.

Subscribed and sworn to before me this 8th day of March, 2017.

Darlene McConaha
Notary Public

OFFICIAL SEAL
DARLENE MCCONAHA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/24/19